Hillsborough, }
April 4, 1911. }

## STATE v. LAGASSE.

Under section 4, chapter 87, Public Statutes, one found chargeable upon a bas-
tardy complaint instituted by the mother is bound to provide the child with
support and maintenance, including such care and nourishment as is reasonably
necessary for its growth, development, and comfort; but he cannot be required
to pay for expenses incurred by the mother during her pregnancy, although
they were essential to the subsequent health and vigor of the infant.

The reasonableness of charges allowed against a defendant in bastardy proceed-
ings for the support of the child is a question determinable by the superior court.

COMPLAINT FOR BASTARDY, filed by Ida Parent, upon which the
defendant was found chargeable. Assessment of damages by *Wal-
lace*, C. J., at the January term, 1910, of the superior court.

November 22, 1907, the complainant, who was then pregnant by
the defendant and unable to support and care for herself, was obliged
to go to the county farm. January 27, 1908, she gave birth to a
child. She was at the farm in all 153 days and owes the county
$153 on account of the board and care of herself and child. Her
pregnancy and the birth of the child are the reasons for her being
at the farm that length of time. It is arranged between her and the
county that whatever she recovers on this account shall be paid to
it. Before going to the farm she consulted a physician as to her
condition, and he attended her at her confinement and afterward.
His bill is $11.75; his charge for services before the birth of the child
is $5. After the mother and child left the county farm, she took
care of the child for eighteen days, and her services in this respect
are reasonably worth $6.25. She also paid for milk and clothing
for the child during that period the sum of $3 and paid a nurse $3
to take the child to an infant asylum, where it soon after died.
Subject to the defendant's exception, the court included in the
damages the foregoing items.

*Henry A. Burque* and *Wason & Moran* (*Mr. Burque* orally), for
the complainant.

*Doyle & Lucier* (*Mr. Lucier* orally), for the defendant.

WALKER, J. The questions presented depend upon a construc-
tion of section 4, chapter 87, Public Statutes, which provides: "If

any man is found chargeable [upon a complaint for bastardy insti-
tuted by the mother], the court shall order him to pay such sum as
they deem reasonable to the mother of the child or to the selectmen
of the town liable by law for the maintenance of the child, to be ap-
plied for such maintenance." The manifest object of the statute
is to provide for the support and maintenance of the child by the
father; but it is equally manifest that the legislature did not intend
to require the father to pay for expenses incurred by the mother on
account of her condition before the birth of the child, though they
were reasonably necessary for its subsequent health and vigor.
The "maintenance" for which the defendant in such a proceeding
is liable, either to the town which may be chargeable with the sup-
port of the child or to the mother, is the maintenance of a living
child or person. It would be a strange proposition to say that a town
or county is liable for the support of an unborn pauper. Until
the child is born, the maintenance is in law furnished to the mother.
"It is clear the statute applies only to the case of a bastard child
born alive" (*Schramm* v. *Stephen*, 133 Mass. 559); and the defend-
ant is not liable under the statute for the cost of prenatal care,
nursing, and board furnished to the mother, however necessary
and humane under the circumstances. But after the birth of the
child the defendant became liable for its maintenance; and this
might include the expense of such care and nourishment furnished
to the mother as was reasonably necessary for the growth, develop-
ment, and comfort of the child. It was competent for the court
to find that one dollar per day while she stayed at the county farm
after the child was born was a reasonable expense for its maintenance
for which the defendant is chargeable. The question of the reason-
ableness of the charge was for the determination of the superior
court; and it was for the court to make such an order with reference
to the payment of the money as would insure its application in liqui-
dation of the expense incurred by the county in supporting the child
at the farm. Under the facts of the case, this money should be paid
to the county.

In accordance with the foregoing views, the doctor's bill for ser-
vices before the birth of the child and for taking the mother to the
county farm is not a legitimate charge against the defendant; but for
so much of the doctor's bill as is for subsequent services, he is liable.
It also follows that there was no error in the ruling including in the
assessment a reasonable sum for the mother's services in taking care
of the child after she left the county farm, and for cash paid for milk

and clothing for the child and for a nurse to take the child to an infant asylum.

As there seems to be no occasion for a further trial, the order is that the exception is sustained as to elements of damage occurring before the birth of the child, and that it is overruled as to the balance of the award, for which the plaintiff is entitled to judgment.

*Case discharged.*

All concurred.